UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

AUTO-OWNERS INSURANCE COMPANY; )
PROPERTY-OWNERS INSURANCE )
COMPANY, )
                                      )
    Plaintiffs/ )
  Counterclaim Defendants )
                                      )
          v. ) CIVIL NO. 2:12 cv 184
                                      )
LAKE ERIE LAND COMPANY, )
                                      )
    Defendant/ )
  Counterclaim Plaintiff )
                                      )
        and )
                                      )
B & B, LLC; STATE OF INDIANA )
                                      )
    Defendants )

## OPINION AND ORDER

This matter is before the court on the Motion to Strike Lake Erie Land Company's Request for a Jury Trial [DE 24] filed by Auto-Owners Insurance Company and Property-Owners Insurance Company on August 16, 2012. For the reasons set forth below, the motion is **DENIED**.

## Background

Lake Erie Land Company held an insurance policy with the plaintiffs, Auto-Owners Insurance Company and Property-Owners Insurance Company. The defendant, B & B, LLC, filed a lawsuit against Lake Erie which alleged criminal trespass, trespass,

nuisance, and negligence, and further claimed that Lake Erie caused a wetland to be established on its property. At conclusion of the trial of the underlying case, a judgment was entered against Lake Erie in the amount of $3,220,313.50, including a punitive damage award of $1,460,044.50.

Lake Erie timely notified Auto-Owners of the underlying action. Lake Erie represents that Auto-Owners agreed to defend it without a reservation of rights, except to note that the damages might exceed the limit of liability under the policy. Four years later, Auto-Owners issued a letter to Lake Erie stating that it was defending under a full reservation of rights. Lake Erie states that this letter came after it could have taken any meaningful steps to protect its interests in the underlying action.

Lake Erie also complains that Auto-Owners engaged in other actions that caused it damage. Auto-Owners did not inform Lake Erie of a proposed settlement that was below the amount of compensatory damages awarded to B & B. Auto-Owners also refused to authorize a motion to stay judgment and an appeal bond. This resulted in Lake Erie's assets being frozen, triggering fees, penalties, and vendor payment issues.

On May 8, 2012, Auto-Owners filed this lawsuit against Lake Erie seeking a declaratory judgment that Auto-Owners owed no duty

to indemnify Lake Erie under the insurance policy. Lake Erie filed an answer and counterclaim which contained three counts, including: (1) a request for declaratory judgment; (2) breach of contract; and (3) bad faith. Lake Erie seeks damages requiring Auto-Owners to indemnify it for all damages incurred in the underlying litigation, including the award of punitive damages, compensatory damages, punitive damages for Auto-Owner's bad faith, prejudgment interest, and attorneys fees. Lake Erie demanded a jury trial, and the plaintiffs now move to strike the demand.

## Discussion

Federal Rule of Civil Procedure 12(f) states that "the court may strike from a pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Motions to strike generally are disfavored, although they may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. ***Heller Financial, Inc. v. Midwhey Powder Co., Inc.***, 883 F.2d 1286, 1294 (7th Cir. 1989); ***Shirley v. Jed Capital, LLC***, 2010 WL 2721855, *5 (N.D. Ill. July 8, 2010); ***Doe v. Brimfield Grade School***, 552 F.Supp.2d 816, 825 (C.D. Ill. 2008). The decision whether to strike material is within the discretion of the court. ***Talbot v. Robert Matthews Distrib. Co.***, 961 F.2d 654, 665 (7th Cir. 1992). "Motions to strike under Federal Rule 12(f) are not favored [ ] and are usually denied unless the language in

the pleading has no possible relation to the controversy and is clearly prejudicial." ***Tektel, Inc. v. Maier***, 813 F.Supp. 1331, 1334 (N.D. Ill. 1992).

"Whether a plaintiff is entitled to a jury trial is a matter of federal procedural law rather than state substantive law." ***Madison Tool and Die, Inc. v. ZF Sachs Automotive of America, Inc.***, 2007 WL 2286130, *8 (S.D. Ind. Aug. 7, 2007); ***Simler v. Conner***, 372 U.S. 221, 222, 83 S.Ct. 609, 610, 9 L.Ed.2d 691 (1963); ***Int'l Fin. Serv. Corp. v. Chromas Tech. Canada, Inc.***, 356 F.3d 731, 735 (7th Cir. 2004). Federal Rule of Civil Procedure 38(a) provides that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution - or as provided by a federal statute - is preserved to the parties inviolate." No federal statutes apply to this case. The Seventh Amendment to the United States Constitution states:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be other-wise reexamined in any Court of the United States, than according to the rules of the common law.

Therefore, whether a party is entitled to a jury trial depends on whether the claim is legal or equitable as determined by federal law. ***Simler***, 372 U.S. at 222, 83 S.Ct. at 611.

Legal remedies traditionally involve money damages, where equitable remedies such as an accounting or injunction, typically are coercive in nature. *Int'l Fin. Serv. Corp.*, 356 F.3d at 735 (*citing* *Great—West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002)). The Seventh Circuit employs a two-part test, first comparing the claim to 18th century claims brought in the courts of England prior to the merger of the courts of law and equity, and second, examining the remedy sought and determining whether it is legal or equitable in nature. *Int'l Fin. Serv. Corp.*, 356 F.3d at 735 (*citing* *Tull v. United States*, 481 U.S. 412, 417—18, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987)). The second part of the test is the most important. *Int'l Fin. Serv. Corp.* 356 F.3d at 755 (*citing* *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989)). A party may not avoid a jury demand solely because the legal issues are characterized as "incidental" to the equitable issues. *See* *Simon Property Group, L.P. v. mySimon, Inc.*, 2001 WL 66408, *19 (S.D. Ind. Jan. 24, 2001) (*citing* *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 470, 82 S.Ct. 894, 900, 8 L.Ed.2d 44 (1962)).

Auto-Owner's complaint for declaratory judgment seeks a declaration of the parties' rights and obligations under the insurance contract. Declaratory judgments were unknown at common

law. ***Zurich Insurance Co. v. Raymark Industries, Inc.***, 514 N.E.2d 150, 165 (Ill. 1987). However, this does not conclude the analysis. An action for declaratory judgment may be either equitable or legal in nature. 10 Fed. Proc., L.Ed. §23:57. When making this determination, the court must consider whether the action is an inverted lawsuit for legal relief or the counterpart of a suit in equity. 10 Fed. Proc., L.Ed. §23:57; ***Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.***, 299 F.3d 643, 649 (7th Cir. 2002); ***Kaeser Compressors, Inc. v. Compressor & Pump Repair Services***, 803 F.Supp.2d 974, 977 (E.D. Wis. 2011). An inverted lawsuit is one that is brought by a plaintiff who would have been a defendant at common law. ***Marseilles***, 299 F.3d at 649. The court must ask what form an action would have taken if the declaratory judgment procedure was not available. ***Kaeser***, 803 F.Supp.2d at 977.

Lawsuits questioning the parties' rights under a contract turn on the relief sought. If the party is seeking to rescind a contract or arguing that a contract is null and void due to fraud, the action is equitable in nature. However, when one is arguing that the contract was breached, it is a legal action that could give rise to damages. ***Kaeser***, 803 F.Supp.2d at 978.

In ***Reiswerg v. Great American Insurance Co.,*** 2009 WL 2923036 (S.D. Ind. Sept. 8, 2009), Pam Statom filed a legal malpractice

6

suit against Reiswerg who notified his insurer. The company hired an attorney to represent Reiswerg, but later denied coverage, arguing that Reiswerg's failure to disclose the dispute in his insurance application voided the policy. ***Reiswerg***, 2009 WL 2923036 at *1. Reiswerg filed a declaratory judgment lawsuit against his insurer, asking the court to find that his insurer was obligated to defend and to indemnify him in the underlying suit. The insurer filed a counterclaim, seeking a declaratory judgment that it had no duty to defend or indemnify Reiswerg. Statom later was added as a third-party defendant and demanded a jury trial. ***Reiswerg***, 2009 WL 2923036 at *1. The insurer moved to strike the jury demand, but the court determined that the lawsuit was an inverted action and denied the motion to strike. In doing so, the court explained:

> In one typical case, an insurance company sought a declaratory judgment in a federal court that an accident in which its insured was involved came within one of the exclusions of the policy. There were three ways in which this coverage issue could have been litigated if there were no declaratory judgments. First, the insured could have paid a judgment against him and sued the insurer for the amount due him by way of indemnity. This would be a simple action for the recovery of money only. Therefore, at common law it would have been tried in debt or assumpsit and would be triable to a jury today. Second, if the insured chose not to pay the judgment, the injured person could have brought an independent action against the insurer for the amount of the judgment, which would be

7

>    triable to a jury. Third, the insured person
>    alternatively could have garnisheed the in-
>    surer as a part of the tort action against
>    the insured. A garnishment would be tried to
>    the court without a jury. Since the issue of
>    coverage usually would be tried to a jury,
>    unless the injured person elected to proceed
>    by garnishment rather than to bring an inde-
>    pendent action, the Eighth Circuit held that
>    in the declaratory judgment action it was
>    reversible error to deny trial by jury when
>    the injured person and the insured had de-
>    manded a jury. The Supreme Court cited this
>    decision with approval in *Beacon Theatres,
>    Inc. v. Westover*.
>
>    ***Reiswerg***, 2009 WL 2923036 at *2 (*citing*
>    Wright & Miller, *Federal Practice and Proce-
>    dure Civil 3d* §2313)(discussing ***Johnson v.
>    Fidelity & Cas. Co. of NY***, 238 F.2d 322 (8th
>    Cir. 1956))

The ***Reiswerg*** court concluded that in the absence of the declara-tory judgment act, the determination of whether the terms of the contract provided coverage for any judgments would arise after the judgment was obtained, the insurer refused to pay, and either Statom or Reiswerg sued the insurer. ***Reiswerg***, 2009 WL 2923036 at *2. For this reason, the court determined that the lawsuit was legal in nature and refused to strike the jury demand.

Auto-Owner's complaint seeks a declaratory judgment that it does not owe indemnity for punitive damages or interest on punitive damage awards. It is not seeking to void or nullify the contract. *See **Kaeser***, 803 F.Supp.2d at 978 (explaining that actions to void or nullify a contract are equitable in nature).

Similar to ***Reiswerg***, Lake Erie could have filed a common law suit against Auto-Owners seeking monetary damages for Auto-Owner's refusal to pay the punitive damage award. In fact, Lake Erie did so in its counterclaim. The right to a jury trial in a declaratory judgment action should not be determined by the "race" to the courthouse. ***Kaeser***, 803 F.Supp.2d at 977. Rather, it is determined by the basis of the lawsuit, and here the declaration sought is legal in nature and could have resulted in monetary damages if it was not filed as an inverse lawsuit. For these reasons, the court DENIES the plaintiffs' motion to strike Lake Erie's jury demand.

More straightforward is Lake Erie's request for a jury trial on its counterclaim, which seeks monetary damages for breach of contract and bad faith. Monetary damages generally are characteristic of a legal claim rather than an equitable one, however, Auto-Owners argues that this is not dispositive of the issue. Auto-Owners contends that the central issue of the dispute determines whether a jury trial is appropriate, and that the resolution of Auto-Owner's declaratory judgment claim will determine the outcome of Lake Erie's counterclaim.

Auto-Owners cites to two cases in support of its position. In ***Evanston v. Howard***, 2012 WL 1190177 (N.D. Ind. April 9, 2012), the insurer filed a claim for declaratory judgment. Neither party

sought monetary damages, and the only relief sought was a declaration of rights. *Evanston*, 2012 WL 1190177 at *1. Because of this, the court determined that the parties were not entitled to a jury trial. *Evanston*, 2012 WL 1190177 at *2. Similarly, in *Strack and Van Til Supermarkets v. First Security Underwriting*, 1995 WL 831557 (N.D. Ind. Nov. 21, 1995), the plaintiff filed a complaint for breach of contract and bad faith and requested punitive damages. The court considered the plaintiff's claims and determined that the Employee Retirement Income Security Act (ERISA) preempted any state law claims. Therefore, the plaintiff's claims had to be analyzed under ERISA. *Strack and Van Til,* 1995 WL 831557 at *6. Because ERISA does not permit punitive damages or provide a right to a jury trial, the court struck the plaintiff's jury demand from the record. *Strack and Van Til,* 1995 WL 831557 at *7.

Auto-Owners has failed to point to one case where the party making the jury demand had a legitimate claim for monetary damages and was denied a jury trial. In both cases which Auto-Owners has pointed to, neither party requested nor was able to recover monetary relief under the applicable laws. The cases overwhelmingly suggest that claims for breach of contract and bad faith that seek monetary damages require a jury trial. *Dairy Queen,* 369 U.S. at 479, 82 S.Ct. at 900 ("[I]n an action to

10

collect a debt for breach of a contract between these parties, petitioner has a right to have the jury determine not only whether the contract has been breached and the extent of the damages if any but also just what the contract is."); *Int.'l Fin. Serv. Corp.*, 356 F.3d at 735; *Marseilles Hydro Power*, 299 F.3d at 649-50; *Kaeser,* 803 F.Supp.2d at 978; *Reiswerg,* 2009 WL 2923036 at *2. In fact, the most important factor to the court's inquiry is the type of relief sought. Jury trials are permitted on issues where monetary damages are sought, as Lake Erie seeks here.

Furthermore, when examined under the two-part test cited in *Int'l Fin. Serv. Corp.*, 356 F.2d at 735, it is clear that a jury trial is appropriate for Lake Erie's counterclaims. The court first considers whether the claim would have been brought in a court of law and equity. Claims for damages arising from breach of contract were a suit at common law within the meaning of the Seventh Amendment. *Marseilles Hydro Power,* 299 F.3d at 648. Likewise, bad faith actions are "a type of 'traditional relief offered in the courts of law.'" *Northwestern Mutual Life Ins. v. Koch*, 771 F.Supp.2d 1253, 1256 (W.D. Wash. 2009). The second prong of the test analyzes the type of relief sought. Both of Lake Erie's claims are for monetary damages, which traditionally

are legal relief. Both factors weigh in favor of affording Lake Erie a jury trial.

Auto-Owners' claims are the type of inverse lawsuit that renders a complaint for declaratory judgement a legal action. This is compounded by the fact that Lake Erie seeks damages in its counterclaim for Auto-Owners' refusal to pay the punitive damages awarded in the underlying lawsuit and for its bad faith. For these reasons, the court finds that the claims are legal in nature and that a jury trial is appropriate.

_____

For the foregoing reasons, the Motion to Strike Lake Erie Land Company's Request for a Jury Trial [DE 24] filed by Auto-Owners Insurance Company and Property-Owners Insurance Company on August 16, 2012, is **DENIED**.

ENTERED this 17th day of December, 2012

s/ ANDREW P. RODOVICH
United States Magistrate Judge