IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| AUTO-OWNERS INSURANCE CO. and | ) | |
| PROPERTY-OWNERS INSURANCE CO., | ) | |
| | ) | |
| Plaintiffs/Counterclaim Defendants, | ) | |
| | ) | |
| v. | ) | 2:12-cv-184 |
| | ) | |
| LAKE ERIE LAND CO., | ) | |
| | ) | |
| Defendants/Counterclaim Plaintiff, | ) | |
| | ) | |
| WENDELL HITE JR., KATHLEEN HITE, and | ) | |
| GARY DUNLAP, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on the Motion to Reconsider [DE 70] filed by the defendant/counterclaim plaintiff, Lake Erie Land Company, on May 21, 2013. For the following reason, the motion is **GRANTED.**

Background

A lawsuit was filed against Lake Erie Land Company asserting claims of trespass and nuisance. Lake Erie provided notice to Auto-Owners Insurance Company of the claims asserted against it. Auto-Owners sent a reservation of rights letter on September 20, 2012, stating that it was defending the claim under a full reservation of rights. In the letter, Auto-Owners referred to the provision of the policy that explained that coverage applied to bodily injury or property damaged caused by an occurrence. The policy defined occurrence as "an accident".

Lake Erie filed its amended counterclaim on November 20, 2012, seeking a

determination of the rights and responsibilities of Auto-Owners in relation to the underlying lawsuit. In its answer, Auto-Owners raised the following defenses:

> Defense No. 13: There is no liability coverage under the policies for damages arising out of the insured's willful and wanton misconduct[; and]
> …
> Defense No. 14: There is no liability coverage under the policies for intentional conduct of the insured or harms expected or intended by it.

Lake Erie filed a motion for summary judgment on December 20, 2012. In its motion, Lake Erie seeks a declaration that Auto-Owners must provide and pay for independent counsel because there is a conflict of interest between itself and Auto-Owners. Lake Erie argues that an insurer must provide independent counsel when the underlying plaintiff alleges both negligent and intentional harm even though intentional acts are not covered by the policy. Lake Erie also alleges that there is a conflict of interest because of a disagreement over whether punitive damages are covered and the possibility of an excess verdict.

The court directed Auto-Owners to file its amended pleadings by May 1, 2013. Two weeks after the deadline, Auto-Owners filed its motion to amend its answer to withdraw its thirteenth and fourteenth affirmative defenses, stating that it will limit the issues for trial. The court granted Auto-Owners motion on May 20, 2013, and Lake Erie filed the present motion to reconsider the court's order.

## Discussion

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." ***Foman v. Davis***, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d. 222 (1962). This Circuit has recognized that because pleadings merely serve to put the

opposing side on notice, they should be freely amended as the case develops, as long as amendments do not unfairly surprise or prejudice the opposing party. *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 390 (7th Cir. 2000). The decision to deny leave to amend a pleading is an abuse of discretion "only if 'no reasonable person could agree with the decision.'" *Winters v. Fru–Con, Inc*., 498 F.3d 734, 741 (7th Cir. 2007) ( quoting *Butts v. Aurora Health Care, Inc*., 387 F.3d 921, 925 (7th Cir. 2004)); *Ajayi v. Aramark Business Services*, 336 F.3d 520, 530 (7th Cir. 2003).

Leave to amend properly may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman,* 371 U.S. at 182, 83 S.Ct. at 230. A motion to amend is more likely to be denied if it takes place at a relatively late stage in the proceedings. *Aldridge v. Forest River*, Inc., 635 F.3d 870, 875 (7th Cir.2011); *Winters*, 498 F.3d at 741. *See also James v. McCaw Cellular Communications, Inc*., 988 F.2d 583 (5th Cir. 1993) (holding that the district court did not abuse its discretion in denying plaintiff's motion to amend where motion filed almost 15 months after original complaint, ten months after joinder dead-line, five months after deadline for amendments, and three weeks after defendant filed motion for summary judgment). The moving party bears the burden to show some valid reason for neglect and delay in seeking to amended the pleading. *Butts*, 387 F.3d at 921. *See also NL Industries, Inc. v. GHR Energy Corp*., 940 F.2d 957 (5th Cir. 1991) (holding that the court did not abuse its discretion in denying motion for leave to file second amended complaint where plaintiff sought to amend its pleading two years after it first brought defendant into litigation and after defendant had requested summary judgment, but plaintiff provided no good reason for not acting sooner).

The court may deny leave because the amendment is futile. *Bethany Phamacal Compamy, Inc. v. QVC, Inc*., 241 F.3d 854, 861 (7th Cir. 2001). If the proposed amendment is not clearly futile, denying leave to amend on this ground would be improper. *See* **Wright & Miller, 6 Federal Practice & Procedure § 1487**, at 637-642 (2d ed. 1990)("If the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend.").

Lake Erie argues that Auto-Owners' motion to amend should be denied because it was untimely, futile, and was made in a bad faith attempt to avoid a conflict of interest. Auto-Owners responds that there is no legal authority that precludes a defendant from eliminating an affirmative defense to narrow the issues. The court agrees that generally it would be counterintuitive to oppose the withdrawal of an affirmative defense, however, here it is not so clear. The affirmative defenses that Auto-Owners asks to withdraw allege that Lake Erie's conduct was intentional, and therefore not covered by the insurance policy. Although Auto-Owners desires to withdraw these defenses, Auto-Owners does not seek to withdraw its denial that the accident was an "occurrence". The policy defines "occurrence" as an accident, thereby excluding intentional conduct. Regardless of whether Auto-Owners is permitted to withdraw its defenses, the intent of Lake Erie's conduct will remain at issue. Auto-Owners does not dispute that this is true in its response, nor does it show how the issues would be narrowed. Because Lake Erie previously filed is motion for summary judgment, relying in part on Auto-Owners' affirmative defenses, allowing Auto-Owners to amend its answer in a manner that would not remove any issues may result in prejudice to Lake Erie. Additionally, Auto-Owners has not provided any justification for its untimely amendment.

Based on the foregoing, the Motion to Reconsider [DE 70] is **GRANTED**.

ENTERED this 15th day of July, 2013

                                            /s/ Andrew P. Rodovich
                                            United States Magistrate Judge